# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| CLIFFORD OSUJI, | ) | |
| | ) | |
| Plaintiff, | ) | Judge Blanche M. Manning |
| | ) | |
| v. | ) | Case No. 02 C 4199 |
| | ) | |
| THE CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff requests a ruling on objections made during the videotaped evidence deposition of James Bednarkiewicz.[1] For the reasons stated herein, the objections are overruled without prejudice pending additional proceedings at trial.

## I. BACKGROUND

According to plaintiff, Mr. Bednarkiewicz is currently retired from his position as an investigator for the Chicago Police Department. He previously worked for the Civil Rights Unit (also apparently known as the Hate Crimes Unit) of the City's Neighborhood Relations Division. During his time with that Unit, Mr. Bednarkiewicz produced a monthly report called the Community Assessment Report ("CAR") for four to five years before the assignment was turned over to plaintiff. According to Mr. Bednarkiewicz, he was told by his deputy commander that the responsibilities for producing the report were being transferred to the City's research and development division (and, specifically, plaintiff) because the department needed a report that

---

[1] On May 5, 2005, this court granted defendant's motion to present the videotaped deposition testimony of Mr. Bednarkiewicz.

was more analytical than the one he was producing. Plaintiff requests rulings on the relevance and foundation objections as indicated in the following testimony by Mr. Bednarkiewicz:

Page 47 (A)  Q (by city): Okay. Is there anything in you report that you didn't see in the research and development report? . . . I'm talking about the differences that you would consider significant.

Mr. STEIN: Objection. Relevance.

THE WITNESS: The – in my September report,[2] in the excessive force category, I go into where the increases in excessive force occurred within that particular district, and in some instances, I go into what sector they occurred in, and in some instances, break it down as far as what beat they occurred on.

***

Page 49-50(B) Q: Would you have considered it acceptable if you had taken until December of 1999 to produce a report for September –

A: No.

MR. STEIN: Objection. Relevance.

BY MR. SWABB: Why not?

MR. STEIN: Objection. Relevance.

THE WITNESS: The department needs the information in a timely manner.

(C) BY MR. SWABB: In your opinion, which of these reports better [analyzes] the data?

MR. STEIN: Extreme irrelevance.

THE WITNESS: Personally, mine did.

---

[2]According to the City, Mr. Bednarkiewicz was being asked to compare his September Community Assessment Report with that of plaintiff.

2

> BY MR. SWABB: In your opinion, which one was produced more quickly.
>
> MR. STEIN: Objection. Foundation and relevance.
>
> THE WITNESS: Mine was.
>
> BY MR. SWABB: And which one was more accurate?
>
> MR. STEIN: Objection – same objection.
>
> THE WITNESS: Mine was.
>
> BY MR. SWABB: And which one better served the needs of the Chicago Police Department?
>
> MR. STEIN: Same objection.
>
> THE WITNESS: Mine did.

According to plaintiff, Mr. Bednarkiewicz's opinions regarding: (1) the differences between the two reports; (2) the length of time it took plaintiff to prepare an "entirely different, more analytical" report; and (3) which report (the one he prepared or the one plaintiff prepared) better served the department, are "completely and totally" irrelevant. Plaintiff also contends that the prejudicial nature of the testimony far outweighs the "minimal value" of the testimony under Fed. R. Evid. 403. Moreover, plaintiff asserts that there is no foundation for Mr. Bednarkiewicz's opinions regarding plaintiff's report and that they are not proper lay or opinion testimony under Fed. R. Evid. 701 or 702. Specifically, plaintiff asserts that one cannot compare how long it took each to draft their reports since Mr. Bednarkiewicz was more experienced and the report he prepared was not as complex. In addition, plaintiff argues that because Mr. Bednarkiewicz did not use the report himself, there is no foundation for him to testify as to which report was more useful. Finally, plaintiff notes that Mr. Bednarkiewicz was not similarly situated

with plaintiff, did not have the same educational background as plaintiff, worked in a different department and did not supervise plaintiff.

## II. ANALYSIS

Under Fed. R. Evid. 401, relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." "The relevance threshold is low as the evidence need only 'tend' to make the fact of consequence more probable.., thus requiring merely a rational connection between the evidence offered by the litigant and the fact of consequence the litigant intends to establish." *Gage v. Metropolitan Water Reclamation Dist. of Greater Chicago*, 365 F. Supp. 2d 919, 930-31 (N.D. Ill. 2005) (*citing Int'l Merger & Acquisition Consultants, Inc. v. Armac Enter. Inc.*, 531 F.2d 821, 823 (7th Cir.1976). As noted by the another district court in this circuit, "[r]elevant evidence contains two components: materiality and probative value. Material evidence constitutes evidence that helps prove a matter at issue. Probative value is the material evidence's ability to establish the proposition it is offered to prove, and that which helps establish probability of a fact." *Trustmark Ins. Co., v. General Cologen Life Re of Am.*, No. 00 C 1926, 2003 WL 21688229, at *3 (N.D. Ill. July 17, 2003).

The City contends that because Mr. Bednarkiewicz prepared the monthly CAR for four to five years, he has "personal knowledge of what the Chicago Police Department required from him during the years that he prepared the CAR, and of what he did to meet those requirements." According to the City, Mr. Bednarkiewicz has the basis to form an opinion about the quality of Mr. Osuji's CAR in comparison to his own reports. Further, the City argues that Mr. Bednarkiewicz's opinion of Mr. Osuji's report tends to support the City's allegation that Mr.

Osuji was fired because of his unsatisfactory work, and not his race or national origin.

As to the initial objection on page 47 (A)[3] regarding the differences between the reports, the court overrules the relevancy objection without prejudice as to further proceedings at trial. Mr. Bednarkiewicz, who prepared a similar report for 4 to 5 years prior to plaintiff, is merely describing how the reports differ. Simply because Mr. Bednarkiewicz may not have had the expertise to prepare a detailed report like that requested from plaintiff, he can still testify as to how the information in the reports differed. This testimony is relevant to the extent that the City is attempting to show that the plaintiff was not satisfactorily fulfilling his job duties. The plaintiff is free to offer evidence regarding why Mr. Bednarkieiwicz no longer prepared the report, including his alleged lack of qualifications. However, the court concludes that the testimony on this topic is relevant.

As to the initial relevancy objection on page 49 regarding the timing of the report (B), this objection is overruled without prejudice as to further proceedings at trial. Mr. Bednarkiewicz was asked to state whether it would have been acceptable for him to have supplied the "September report" in December. Again, the court finds the testimony relevant for the same reason stated above.

Plaitiff's final objections were to Mr. Bednarkiewicz's opinion regarding which of the reports better analyzes the data, was produced more quickly, was more accurate, and better served the needs of the Chicago Police Department job (C). The relevancy objections are overruled without prejudice as to further proceedings at trial. Again, to the extent that the City

---

[3]For ease of reference, the court has marked specific portions of the testimony with capital letters "A", "B," etc.

needs to show that plaintiff was not performing his duties satisfactorily, the testimony is relevant. The plaintiff has not made a sufficient showing that any prejudice in allowing Mr. Bednarkiewicz's testimony on this topic far outweighs its probative value or would serve to confuse the jury.

As to foundation, the City's counsel on redirect laid the foundation for Mr. Bednarkiewicz's testimony as follows (Bednarkiewicz dep. at 98-99):

> Q: Okay. What qualifies you to say that your report was better or analyzed data better than the research and development report?
>
> A: I just think that one specific part of my report where I went into the specific areas of a district and sometimes a specific beat within those areas that showed a recognizable increase in either excessive force or verbal abuse or assaults on police. I didn't see that in the research and development report, and I thought that – my opinion is that it's an important thing for the department to look at.
>
> Q: What do you base that opinion on?
>
> A: Base – because I believe that's what the department was looking for, something that might – something like that, that could trigger more problems because of an increase in excessive force. It could be either the citizens or the police themselves, and the department needed to look at that specifically to lesson [sic] tension between the department and the citizens.
>
> Q: What qualifies you to form an opinion about what the department needed?
>
> A: Just from my years of experience with the department.
>
> Q: How many years?
>
> A: 27 years.
>
> Q: What qualifies you to say your report was produced more quickly than Mr. – the research and development?
>
> A: Just looking at the date on the reports.
>
> Q: What qualifies you to say that your report was more accurate than the research and

>   development report?
>
> A: The errors and the totals between my report and the research and development report.
>
> Q: What qualifies you to say that your report better serves the needs of the Chicago Police Department?
>
> A: Just that specific area, where I tried to narrow it down, the complaints or incidents, to a more specific area so that an individual commander might be able to look at that and see if there was, in fact, a problem between community and employees.
>
> Q: Again, what qualifies you to opine that it was important for the commanders to know?
>
> A: Just my experience as a police officer.

Plaintiff argues that Mr. Bednarkiewicz's testimony under Rule 701 is inadmissible because opinion testimony cannot be based on scientific, technical, or other specialized knowledge within the scope of Fed. R. Evid. 702. Lay opinion testimony is "not to provide specialized explanations or interpretations that an untrained layman could not make if perceiving the same acts or events." *U.S. v. Conn*, 297 F.3d 548, 554 (7th Cir. 2002). While the City laid a foundation showing Mr. Bednarkiewicz's personal knowledge about specific aspects of the report, certain of the questions are beyond the purview of proper lay testimony. Accordingly, Mr. Bednarkiewicz's testimony regarding any specialized knowledge as to the CAR (i.e., which better analyzed the data, which was more accurate and which better served the needs of the Chicago Police Department) is inadmissible. Mr. Bednarkiewicz's testimony is admissible to the extent he is merely stating when the reports were produced. Accordingly, the foundation objections are overruled in part and sustained in part as provided herein. As with the relevancy

objection rulings, the rulings on foundation are without prejudice as to further proceedings at trial.

## III.     CONCLUSION

Plaintiff's motion for a ruling [95-1] is granted. For the reasons stated above, plaintiff's objections are overruled in part and sustained in part without prejudice pending further proceedings at trial.


**ENTER:**

*(signature)*
**Blanche M. Manning**
**United States District Judge**

**DATE:** July 14, 2005