**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CLIFFORD OSUJI, | ) | |
| | ) | |
| Plaintiff, | ) | Judge Blanche M. Manning |
| | ) | |
| v. | ) | Case No. 02 C 4199 |
| | ) | |
| THE CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

The parties have filed several motions in limine with respect to a trial to be held in this matter on October 17, 2005. The court issues the following rulings.

**I.     ANALYSIS**

    **A.     Plaintiff's Motions in Limine**

        **1.     Motions to Exclude Exhibits and Testimony**

*a) Motion to exclude witnesses whose identity was not disclosed by defendant in discovery*

The court will take this motion under advisement and address it as necessary at trial given that plaintiff has not identified specific witnesses it seeks to exclude at this time.

*b) Motion to exclude Incompletely Identified persons due to "defendant's failure to disclose information known to the Incompletely Identified Person in discovery"*

Plaintiff asserts that the City of Chicago ("City") should be prevented from introducing the testimony of a number of city witnesses because information known to those persons was not fully disclosed. The City contends that William Price and Darlene Price were identified in the

City's Rule 26(a)(1) disclosures as individuals who possessed knowledge regarding Police Department Rules and Regulations and the City's personnel rules. Therefore, according to the City, they were not required to identify these two witnesses in response to plaintiff's discovery request asking the City to identify individuals with knowledge regarding the "subject matter of the complaint." As to Sidney Kelley, the City states that it identified him in a discovery response as an individual with knowledge regarding the Community Assessment Report, which is what he will be called to testify about at trial. Finally, the City states that it identified both Police Officers Angela Magee and Janice MacArthur as witnesses with knowledge regarding plaintiff's job performance. According to the City, this is the topic of any testimony that these two witnesses would offer if called at trial.

Because the City appears to have properly identified the witnesses with respect to the scope of their potential testimony, the court denies plaintiff's motion to exclude their testimony without prejudice to further proceedings at trial.

> *c) Motion to bar City from introducing any previously undisclosed documents into evidence*

The court will take this motion under advisement and address it as necessary at trial given that plaintiff has not identified specific documents it seeks to bar at this time.

> **2.    Motion to bar evidence that plaintiff did not suffer an adverse employment action**

Plaintiff contends that the City will likely argue that plaintiff's employment was not actually terminated by the City but only by a discrete unit of the City (i.e., the police department) and that the plaintiff could have but did not pursue his rights to return to the City's Department of Transportation where he was previously employed and from which he was taking a leave of

2

absence. Plaintiff argues that because the City, in its motion for summary judgment, did not dispute the *McDonnell Douglas* prong that plaintiff had suffered an adverse employment action, the City should be prevented from (1) disproving that an adverse employment action occurred on the ground it would be a waste of time or (ii) contending that plaintiff could have returned to the Department of Transportation on the grounds it would be confusing and misleading.

The City argues that it did not waive its right to argue no adverse employment action at trial simply because it did not raise the argument for purposes of summary judgment. This court agrees. The City moved for summary judgment and specifically stated in its memorandum in support of its motion for summary judgment that "for purposes of summary judgment the City does not dispute that Osuji suffered an adverse employment action." Because the City has not waived the issue, plaintiff's motion to bar evidence that Osuji did not suffer an adverse employment action is denied.

> **3.** **Motion to bar evidence that Erik Glass participated in the decision to terminate plaintiff's employment.**

Plaintiff argues that the City should be precluded from introducing evidence that Erik Glass (rather than Barbara McDonald, who was the Assistant Deputy Superintendent over research and development at the time of plaintiff's hiring in July 1999) terminated plaintiff's employment. According to plaintiff, the record contains no evidence that Glass had anything to do with the decision, and instead contains "overflowing" evidence that Barbara McDonald terminated Plaintiff. Plaintiff also contends that the court previously rejected the City's argument that because Glass made the decision to hire and fire Plaintiff in a ten-month period of time, the court should infer that discrimination was not a motive for the firing. Plaintiff argues that the

3

court rejected this argument because it found that the record did not support the factual assertion that Glass was the decisionmaker in terminating plaintiff's employment. Plaintiff states that the evidence that Erik Glass participated in the decision to terminate plaintiff should be excluded because (i) the court already decided that no such evidence exists in the record; (ii) no such evidence was ever presented in discovery; and (iii) litigation of the issue would be a waste of time.

Defendant argues that on summary judgment, the court evaluated the evidence in a light most favorable to plaintiff, but that would not be the case at trial. Further, the City argues that the court determined that the record "did not support the factual assertion that Glass was the primary decisionmaker," not that Glass did not participate at all. Finally, the City contends that the jury will not consider the same evidence that was presented on summary judgment and also will have the ability to make credibility determinations.

The court agrees with the defendant that any determination that the court made at the summary judgment stage as to Glass' participation in the termination decision is not binding on the jury. Accordingly, plaintiff's motion is denied without prejudice pending further proceedings at trial.

### 4. Motion to bar evidence that plaintiff failed to fulfill his job duties in developing a community tension model.

Plaintiff argues that the City will try to show that plaintiff was terminated because he failed to fulfill his job duties in developing a Community Tension Model as funded by the Department of Justice's Community-Oriented Policing Strategy ("COPS"). Plaintiff argues that the court already found that "the COPS grant budget itself states that the model would be

developed with the assistance of an academic consultant" and that the COPS grant budget thus refutes the City's claims that plaintiff did not fulfill his job duties. Thus, plaintiff claims that any evidence the City might use to show that the reason for terminating plaintiff was plaintiff's failure to fulfill his job duties in developing a Community Tension Model would be contrary to the facts as already determined, unduly confuse the issues, mislead the jury and cause undue delay.

The City argues that the court ruled only that a genuine issue of fact existed as to whether plaintiff had fulfilled his job duties in developing a community tension model and thus, the City contends, the jury should be permitted to hear the city's evidence as to this fact. This court agrees. Plaintiff's motion is denied without prejudice pending further proceedings at trial.

     **5.**     **Motion to exclude evidence and testimony relating to plaintiff's charges in his filing with the Illinois Department of Human Resources (other than the fact the charge was filed)**

Plaintiff argues that the introduction of the investigation by the IDHR would be unfairly prejudicial under Fed. R. Evid. 403 without articulating any reasons in support. Plaintiff also argues that if the City is allowed to present evidence regarding the IDHR investigation, then the plaintiff would be required to respond and it would cause undue delay and a waste of time. Finally, plaintiff argues that under Section 926.210 the Illinois Administrative Code, contents of files maintained by the IDHR are to be kept confidential.

The City argues that (i) the plaintiff fails to specify what evidence regarding the investigation plaintiff refers to; (ii) the trial witnesses have a right to testify about any statements that are made or given that are otherwise allowed at trial; (iii) the Administrative Code also provides that the IDHR may disclose files pertaining to charges if judicial proceedings have been

5

instituted and such information is requested of the department.

At this stage in the proceedings, Plaintiff has failed to demonstrate that the probative value of the evidence of the IDHR investigation is far outweighed by the danger of unfair prejudice or that allowing any such evidence would constitute a "waste of time." Further, as to the Administrative Code argument, the City has shown that the documents are not necessarily confidential where, as is the case here, judicial proceedings have been filed and documents are requested from the IDHR. In any event, given that the plaintiff has not identified specific evidence that should be excluded, the court denies the motion to exclude without prejudice pending further proceedings at trial.

**B.    Defendant's Motions in Limine**

    **1.    Motion to bar plaintiff from calling witnesses Mara Georges and Elene Vitacco, both former assistants in Corporation Counsel's office**.

Defendant moves to bar plaintiff from calling Mara Georges and Elene Vitacco, both former assistants in the Corporation Counsel's office, as witnesses. No response was filed and these two are not on witness list in the pretrial order. Accordingly, the motion is denied as moot.

    **2.    Motion to exclude evidence of front and back pay from jury**

The City argues that issues of front and back pay are equitable matters to be heard by the judge only. Plaintiff argues that such matters may be submitted to the jury but only on an advisory basis. In *Price v. Marshall Erdman & Assoc.*, 966 F.2d 320, 324 (7th Cir. 1992), the court noted that while entitlement to and amount of front pay are equitable issues to be decided by a judge, the judge may submit such equitable issues to a jury for advice. Accordingly, the jury may potentially hear evidence as to front and back pay. Any determinations on these issues will

only be advisory to the court.

### 3. Motion to exclude evidence regarding plaintiff's job search expenses, medical expenses and lost benefits and retirement benefits.

The City seeks to exclude evidence regarding plaintiff's job search expenses because no documentation was provided by plaintiff in support. In support, the City cites to Fed. R. Civ. P. 26(a)(1)(c), which requires disclosure of a "computation of any category of damages claimed by the disclosing party, making available for inspection and copying. . . the documents or other evidentiary material . . . on which such computation is based, including materials bearing on the nature and extent of injuries suffered." Further, Rule 37(c) provides that a party who fails without substantial justification to provide information required under Rule 26(a) is not permitted to use such evidence at trial.

As to his job search expenses, plaintiff argues that he updated his damage request to reflect that he has spent over $8,000 on job searches and produced "hundreds of documents related to his job search" and that the City had a chance to depose him regarding his job search expenses but neglected to do so. If plaintiff has indeed failed to provide the documentation that the City asserts it requested in discovery, then Fed. R. Civ. P. 37(c) provides a basis for excluding such evidence. Resolution of this issue depends on whether plaintiff has actually produced documents in support as requested by the City. Accordingly, the court will defer ruling on this motion until the issue presents itself at trial.

The City also wants to exclude evidence of plaintiff's medical expenses because it asserts that again, "plaintiff has failed to produce any statements, invoices, bills, or payments made by

him for any medical treatment since his termination from the City." Plaintiff argues that he responded to all of the requests with the information that he possessed and that the City subpoenaed all of plaintiff's records from the plaintiff's doctors and deposed his doctors. Plaintiff acknowledges that he has the burden of proof with respect to his medical expenses and states that he intends to issue trial subpoenas to his medical providers to meet his burden of proof. Resolution of this issue depends on whether plaintiff has actually produced documents in support as requested by the City. Accordingly, the court will defer ruling on this motion until the issue presents itself at trial.

Finally, the City wants to exclude evidence of (i) lost health benefits ($21,829.50)and (ii) lost retirement benefits ($25,365.26). The City contends that "[p]laintiff's claims for lost retirement benefits and [other] benefits are misleading because they are not additional money damages that would be owed by the City to plaintiff should he prevail at trial." Rather , these benefit amounts are amounts that are deducted from an employee's salary during his employment. According to the City, "[i]f plaintiff is awarded any back pay damages, the appropriate payroll deductions will be made, including payments to the appropriate pension fund" and "the City would not have to reimburse plaintiff for payroll deductions for health care benefits that he has not received since his termination." The City argues that the probative value of allowing such evidence is substantially outweighed by the danger of unfair prejudice and its potential to mislead and confuse the jury under Fed. R. Evid. 403.

Plaintiff argues that the City answered discovery requests which indicated that it had made "contributions" on behalf of plaintiff.

The court concludes that at this time, the City has not made an adequate showing that the

probative value of the damages related to benefits is substantially outweighed by the danger of unfair prejudice or the potential to mislead. The City will be free to present evidence on damages and to rebut plaintiff's evidence. Accordingly, the City's motion is denied without prejudice pending further proceedings at trial.

4. **Motion to bar plaintiff from introducing retaliation evidence regarding plaintiff's alleged conversations with Debra Pascua (Chicago Police Department's Office of Legal Affairs–EEO investigator)**

The City contends that it believes that plaintiff will attempt to introduce evidence that he met with Debra Pascua on the Chicago Police Department's Office of Legal Affairs in October 1999 regarding his complaints of racial discrimination. The City asserts that such evidence goes only to plaintiff's retaliation claim, on which this court granted the City's motion for summary judgment. Thus, the City asserts it is irrelevant under Fed. R. Evid. 402 and its probative value is outweighed by the danger of unfair prejudice, confusion, and undue delay under Fed. R. Evid. 403.

Plaintiff, however, argues that he did have conversations with Pascua about discrimination and that the substance and notes of those conversations with Pascua contain evidence relevant to his claims of discrimination.

To the extent that plaintiff is attempting to use conversations with Pascua to prove his discrimination claim, the evidence is clearly relevant. In addition, the City has failed to show that its probative value is outweighed by the danger of unfair prejudice, confusion, and undue delay under Fed. R. Evid. 403. Accordingly, the court preliminarily denies the motion without prejudice pending further proceedings at trial.

### 5. Motion to bar collateral witnesses

The City moves to exclude evidence relating to 53 "'persons of African or African American descent who filed complaints against the City'" and six persons of the same national origin as Osuji who were allegedly treated less favorably than a similarly situated employee of a different national origin. The City states that plaintiff did not identify any of these people as witnesses in his Rule 26(a) disclosures. Furthermore, the City asserts that there is no evidence that any of them worked under the same supervisor or had any facts in common with plaintiff. Accordingly, the City seeks to exclude these witnesses on the grounds of irrelevance, that their probative value is outweighed by unfair prejudice and potential confusion to the jury, and undue delay. Finally, the City states that because the witnesses were not disclosed under Rule 26(a) and because their complaints were "collateral" to plaintiff's complaint, the City did not perform any discovery relating to these witnesses.

Plaintiff argues that he supplemented his interrogatory responses under Rule 26(e)(2) and identified the witnesses when he became aware of their identity. Given that it is not clear from the pretrial order whether any of these witnesses are even going to be called at trial, a ruling at this point would be premature and possibly unnecessary. The court denies the motion to exclude without prejudice pending further proceedings at trial.

### 6. Motion to bar doctors from testifying as experts

The City argues that doctors Ernest Mhoon and Alan Pollack were not disclosed in the

Rule 26(a)(1) filings or disclosed in interrogatory responses as expert witnesses and thus, their testimony as "experts" should be barred. *Musser v. Gentiva Health Services*, 356 F.3d 751 (7th Cir. 2004) (in medical malpractice case, affirming district court's refusal to allow doctor to testify as expert who was not identified as expert because defendant was prejudiced by the failure).

Plaintiff argues that the City deposed Plaintiff's treating physicians on July 7, 2003 and September 11, 2003. According to plaintiff, the doctors were questioned about plaintiff's treatment, and the likelihood whether his condition was caused or aggravated by stress, which could have been caused by the loss of his job. Plaintiff argues that the City had months to obtain rebuttal witnesses and that the failure to designate the treating witnesses as "experts" was harmless.

A treating professional who will provide expert testimony must be disclosed under Rule 26(a)(2)(A). *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 756-57 (7th Cir. 2004); *see also Sowell v. Burlington Northern and Santa Fe Railway*, No. 03 C 3923, 2004 WL 2812090, at *2 (N.D. Ill. Dec. 7, 2004) ( "[i]n *Musser v. Gentiva Health Servs.*, 356 F.3d 751 (7th Cir. 2004), the Seventh Circuit eliminated any doubt as to whether testimony by a treating physician is subject to disclosure pursuant to Rule 26(a)(2)."). "[A] treating doctor is providing expert testimony if the testimony consists of opinions based on 'scientific, technical, or other specialized knowledge' regardless of whether those opinions were formed during the scope of interaction with a party prior to litigation." *Musser,* 356 F.3d at 751 n.2. However, "only those witnesses 'retained or specially employed to provide expert testimony' must submit an expert report complying with Rule 26(a)(2)(B)." *Id.* Because the doctors were not retained or specially

employed, plaintiff need not have submitted a report under Rule 26(a)(2)(B).

As to disclosure under Rule 26(a)(2), Plaintiff claims that the failure to disclose the doctors was harmless and that the doctors should be allowed to testify to those opinions which they offered at their depositions. To the extent that the doctors' testimony will consist of opinions based on his scientific, technical or other specialized knowledge, it is expert testimony, and should have been disclosed. Assuming that the doctors' testimony falls under the definition of expert and was undisclosed, "[t]he exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was [substantially justified] justified or harmless." *Musser*, 356 F.3d at 758. Plaintiff does not offer any reason for the non-disclosure; rather, he states that the City knew about the doctors, had deposed them and had months to obtain rebuttal testimony. However, "that the defendant could have obtained the undisclosed information through its own efforts does not provide substantial justification." *Id*. at 759.

Nevertheless, the court finds the non-disclosure constituted harmless error. As noted above, no report under Rule 26(a)(2)(B) was required to be submitted. Further, the City deposed both doctors and knows the substance of their testimony. As noted by the Seventh Circuit, "[i]n the normal course of events, justice is dispensed by the hearing of cases on their merits." *Id.* (citation omitted). Accordingly, the court denies the City's motion to exclude the doctors' testimony. The doctors may testify as to any facts or opinions offered at their depositions. *Musser,* 356 F.3d at 759 ("We do not hold that a district court should always exclude evidence in similar factual scenarios; in fact, well-reasoned cases have come to the opposite result*.") (citing Brandon v. Village of Maywood,* 179 F. Supp. 2d 847, 860 (N.D. Ill. 2001)*; Spearman Indus., Inc. v. St. Paul Fire & Marine Ins. Co.,* 138 F. Supp. 2d 1088, 1094-95 (N.D. Ill. 2001)).

### 7. Motion to bar plaintiff from asking about attorney-client communications

The City states that it believes plaintiff will ask Debra Pascua about privileged communications (i.e., notes she may have taken regarding the meetings with plaintiff and discussions with superiors) and that court has already ruled that such communications are privileged in its August 1, 2003 order. Plaintiff did not file a response. The motion is granted. The court reserves the right to revisit this ruling as necessary at trial.

### 8. Motion to bar plaintiff from referring to the city's attorneys as "assistants corporation counsel" or "government"

The City argues that such references would be highly prejudicial because it would imply (a) deep pockets and (b) that a plaintiff with limited assets and resources must defend against a powerful entity with limitless economic resources. Plaintiff has not responded. The court grants the motion but reserves the right to revisit the issue at trial.

## II. CONCLUSION

In sum, the parties' motions in limine [44-1, 45-1, 46-1, 47-1, 48-1, 49-1, 50-1, 51-1, 52-1, 53-1, 54-1, 55-1, 56-1] are granted in part and denied in part as provided herein.

**ENTER:**

**DATE:** July 26, 2005

**Blanche M. Manning**
**United States District Judge**